**Case No. 22-55609**

---

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

SHELLY HART,

*Plaintiff-Appellant,*

*v.*

THE STATE BAR OF CALIFORNIA; STEVE MAZER; WILLIAM TODD;
JASON KWAN; TIFFANY F. SORENSEN; SUSAN KIM; DREW ARESCA,

*Defendants-Appellees.*

---

Appeal From the United States District Court
For the Central District of California
The Honorable Cormac J. Carney, District Judge
Case No. CV 21-8786-CJC (KK)

---

## APPELLEES' ANSWERING BRIEF

---

Ellin Davtyan (238608)
General Counsel
Kirsten R. Galler (227171)
Assistant General Counsel
kirsten.galler@calbar.ca.gov
Office of the General Counsel
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel: (213) 765-1008

Robert G. Retana (148677)
Deputy General Counsel
Office of the General Counsel
THE STATE BAR OF CALIFORNIA
180 Howard Street
San Francisco, CA 94105

*Attorneys for Appellees*
The State Bar of California, Steve Mazer, William Todd, Jason Kwan,
Tiffany F. Sorensen, Susan Kim, and Drew Aresca

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ..................................................................iv

I.    INTRODUCTION ..................................................................1

II.    JURISDICTIONAL STATEMENT ....................................2

III.    ISSUES PRESENTED ..........................................................2

IV.    ADDENDUM OF STATUTORY AUTHORITIES...........3

V.    STATEMENT OF THE CASE ...........................................3

     A.    Plaintiff's Complaint .................................................3

     B.    Proceedings Below ....................................................5

VI.    SUMMARY OF ARGUMENT ...........................................8

VII.    STANDARD OF REVIEW ................................................10

VIII.    ARGUMENT........................................................................12

     A.    The Eleventh Amendment Bars Plaintiff's Claims
Against the State Bar of California and the Official
Capacity Defendants.................................................12

         1.    Binding Circuit Precedent Requires This Court to
Apply Eleventh Amendment Immunity to the
State Bar ....................................................13

         2.    This Court's Recent Decision That the Oregon
State Bar Is Not an Arm of the State of Oregon
Has No Bearing on the State Bar of California's
Immunity....................................................14

     B.    Plaintiff Fails to State an Equal Protection Claim
Against the Individually Named Defendants.......17

C.   Plaintiff Fails to State a Due Process Claim Against the Individually Named Defendants .................................... 19

D.   Plaintiff Chose Not to Amend; She Was Not Discouraged From Doing So ................................................. 23

IX.   CONCLUSION ................................................................. 25

CERTIFICATE OF COMPLIANCE ...................................... 26

CIRCUIT RULE 28-2.7 ADDENDUM .................................... 27

# TABLE OF AUTHORITIES

*Page(s)*

<u>Cases</u>

*Adams v. Santa Barbara Cottage Hosp.*,
647 F. App'x 822 (9th Cir. 2016) ..................................................... 12, 24

*Armstrong v. Manzo*,
380 U.S. 545 (1965) ................................................................. 20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................. 11

*Austin v. Univ. of Or.*,
925 F.3d 1133 (9th Cir. 2019) ....................................................... 17, 19

*Bd. of Regents v. Roth*,
408 U.S. 564 (1972) ................................................................. 20

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ................................................................. 11

*Bias v. Moynihan*,
508 F.3d 1212 (9th Cir. 2007) ........................................................ 24

*Cholla Ready Mix, Inc. v. Civish*,
382 F.3d 969 (9th Cir. 2004) ......................................................... 10

*Crowe v. Oregon*,
989 F.3d 714 (9th Cir. 2021) ........................................... 13, 14, 15, 16

*Delacruz v. State Bar of Cal.*,
No. 20-16433, 2022 U.S. App. LEXIS 6612 (9th Cir. Mar. 15,
2022) ............................................................................... 14

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*,
489 U.S. 189 (1989) ................................................................. 21

*Dydzak v. George*,
No. 11-55143, 2011 U.S. App. LEXIS 26859 (9th Cir. July 7,
2011) ............................................................................... 14

iv

*Eclectic Prop. E., LLC v. Marcus & Millichap Co.*,
  751 F.3d 990 (9th Cir. 2014) ................................................................ 12

*Edwards v. Marin Park, Inc.*,
  356 F.3d 1058 (9th Cir. 2004) ........................................................ 12, 24

*Ferdik v. Bonzelet*,
  963 F.2d 1258 (9th Cir. 1992) ............................................................ 23

*Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*,
  527 U.S. 627 (1999) ............................................................................ 12

*Franceschi v. Schwartz*,
  57 F.3d 828 (9th Cir 1995) ................................................................. 12

*Ginter v. State Bar of Nevada*
  625 F.2d 829 (9th Cir. 1980) .............................................................. 15

*Guam Econ. Dev. Auth. v. Ulloa*,
  841 F.2d 990 (9th Cir. 1988) ................................................................ 7

*Haroonian v. Comm. of Bar Exam'rs*,
  692 F. App'x 838 (9th Cir. 2017) ....................................................... 14

*Hart v. Massanari*,
  266 F.3d 1155 (9th Cir. 2001) ............................................................ 13

*Hirsh v. Justices of the Supreme Court of California*,
  67 F.3d 708 (9th Cir. 1995) ...................................................... 14, 15, 16

*In re Gilead Scis. Sec. Litig.*,
  536 F.3d 1049 (9th Cir. 2008) ............................................................ 11

*In re Rose*,
  22 Cal.4th 430 (2000) .......................................................................... 3

*Joseph v. State Bar of Cal.*,
  564 F. App'x 302 (9th Cir. 2014) ....................................................... 14

*Khanna v. State Bar of Cal.*,
  308 F. App'x 176 (9th Cir. 2009) ....................................................... 14

*Kinney v. State Bar of Cal.,*
  708 F. App'x 409 (9th Cir. 2017) ........................................................ 14

*L.F. v. Lake Wash. Sch. Dist. #414,*
  947 F.3d 621 (9th Cir. 2020) ............................................................. 22

*Linda R. S. v. Richard D.,*
  410 U.S. 614 (1973) ........................................................................ 21

*Lupert v. California State Bar,*
  761 F.2d 1325 (9th Cir. 1985) ........................................... 13, 14, 15, 16

*Miller v. Gammie,*
  335 F.3d 889 (9th Cir. 2003) ............................................................. 14

*Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.,*
  15 F.4th 885 (9th Cir. 2021) ............................................................. 10

*Noll v. Carlson,*
  809 F.2d 1446 (9th Cir. 1987) ......................................................... 7, 23

*O'Connor v State of Nevada*
  686 F.2d 749 (9th Cir. 1982) ............................................................. 15

*Rodriguez v. Newsom,*
  974 F.3d 998 (9th Cir. 2020) ............................................................. 22

*Shanks v. Dressel,*
  540 F.3d 1082 (9th Cir. 2008) ........................................................... 20

*Shooter v. Arizona,*
  4 F.4th 955 (9th Cir. 2021) ............................................................... 17

*Sonner v. Premier Nutrition Corp.,*
  971 F.3d 834 (9th Cir. 2020) ............................................................. 11

*State v. Ark. State Highway Empl., Local 1315,*
  441 U.S. 463 (1979) ...................................................................... 7, 22

*Strojnik v. State Bar of Ariz.,*
  829 F. App'x 776 (9th Cir. 2020) ........................................................ 15

*Tanasescu v. State Bar of Cal.*,
  569 F. App'x 502 (9th Cir. 2014) .................................................. 14

*Town of Castle Rock v. Gonzales*,
  545 U.S. 748 (2005) ........................................................................ 21

*Wabol v. Villacrusis*,
  958 F.2d 1450 (9th Cir. 1992) .......................................................... 7

*Wallis ex rel. Wallis v. Spencer*,
  202 F.3d 1126 (9th Cir. 1999) ....................................................... 20

*Weston Family P'ship LLLP v. Twitter, Inc.*,
  29 F.4th 611 (9th Cir. 2022) .................................................... 10, 11

*Will v. Mich. Dep't of State Police*,
  491 U.S. 58 (1989) ..................................................................... 16, 17

## **Statutes**

28 U.S.C. § 1291 ................................................................................. 2

28 U.S.C. § 1331 ................................................................................. 2

28 U.S.C. § 1343 ................................................................................. 2

42 U.S.C. § 1983 ...................................................................... 2, 4, 17

Cal. Bus. & Prof. Code § 6000 ......................................................... 3

Cal. Bus. & Prof. Code § 6002 ....................................................... 16

Cal. Bus. & Prof. Code § 6013.1 .................................................... 15

Cal. Bus. & Prof. Code § 6013.3 .................................................... 15

Cal. Bus. & Prof. Code § 6013.5 .................................................... 15

Cal. Bus. & Prof. Code § 6076 ....................................................... 15

Cal. Bus. & Prof. Code § 6140 ....................................................... 16

Or. Rev. Stat. § 9.160(1) ................................................................ 15

Or. Rev. Stat. § 9.200 ..................................................................... 16

**Rules**

Cal. R. Ct. 9.5...................................................................................15

**Constitutional Provisions**

Cal. Const., art. VI, § 9.......................................................................3

U.S. Const., amend. XI ......................................... 10, 12, 14, 16

## I.    INTRODUCTION

Stripped of rhetoric and accusations about persons not before the Court, Plaintiff's lawsuit boils down to this: she has made a lot of complaints about lawyers to the State Bar of California ("State Bar"), the State Bar has not prosecuted those complaints, and Plaintiff thinks that is because some of the State Bar's employees consider her "vexatious," or maybe because she is a woman. Plaintiff's disgruntlement with the State Bar's prosecutorial decisions has neither factual nor legal merit.

There is no constitutionally protected right to have the government prosecute someone else. The right to petition protects the right to make complaints; it does not compel the government to agree with, to act on, or even to acknowledge those complaints. Plaintiff attempts to create a constitutional issue by suggesting that her complaints were disregarded because she is a woman. But she alleges no facts establishing gender discrimination. Her conclusory speculation about why the State Bar has closed complaints she or others have filed does not establish a plausible constitutional claim. And Plaintiff was

given a chance to amend to state more facts, but chose not to do so. The district court's judgment should be affirmed.

## II.    JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because Plaintiff attempted to state a claim under 42 U.S.C. § 1983. SER-54.

This Court has appellate jurisdiction under 28 U.S.C. § 1291 because this appeal is from a final judgment. The district court entered its Order and Judgment on May 25, 2022. SER-3. Plaintiff timely filed a notice of appeal on June 22, 2022. SER-103.

## III.   ISSUES PRESENTED

1.     Whether the district court correctly followed settled Circuit law holding that the State Bar of California, including employees sued in their official capacities, has sovereign immunity from suit in federal court pursuant to the Eleventh Amendment.

2.     Whether the district court correctly found that Plaintiff failed to state a claim for violation of the Equal Protection Clause.

3.     Whether the district court correctly found that Plaintiff failed to state a claim for violation of due process.

4.     Whether the magistrate judge, by granting leave to amend and explaining the deficiencies in the complaint, "err[ed] in persuading Plaintiff not to amend" as asserted in the Opening Brief.

## IV.   ADDENDUM OF STATUTORY AUTHORITIES

Pursuant to Circuit Rule 28-2.7, all relevant statutory authorities appear in the Addendum.

## V.   STATEMENT OF THE CASE

### A.   Plaintiff's Complaint

On November 8, 2021, Plaintiff filed a complaint against the State Bar and six State Bar employees in their individual and official capacities.[1] SER-54-102. The State Bar is the California state government agency responsible for the admission, discipline, and regulation of attorneys as an administrative arm of the California Supreme Court. Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code §§ 6000 et seq.; *see also In re Rose*, 22 Cal.4th 430, 438 (2000) ("The State Bar is a constitutional entity, placed within the judicial article of the

---

[1]     Defendant Steve Mazer is the Chief Administrative Officer of the State Bar. SER-55. Defendants William Todd, Jason Kwan, Tiffany Sorenson, and Drew Aresca are attorneys in the State Bar Office of Chief Trial Counsel. SER-55-56. Defendant Susan Kim is an investigator in the State Bar Office of Chief Trial Counsel. SER-56.

California Constitution, and thus expressly acknowledged as an integral part of the judicial function.").

Plaintiff is a resident of Los Angeles who has apparently had disputes with numerous local lawyers whom she describes in unflattering terms. SER-55, 57-58. The bulk of her 48-page complaint consists of allegations about how these various lawyers—none of whom are parties to this action—have supposedly wronged her or otherwise acted unethically. SER-62-96. Plaintiff alleges that she has been filing complaints against these lawyers with the State Bar since 2017, but that all of her complaints have been closed despite Plaintiff's belief they were meritorious. SER-5-58, 96. She alleges that unnamed employees of the State Bar have "secretly labeled [her] vexatious without informing her." SER-57 ¶16. She also alleges that the State Bar "targets women" by closing their complaints "at a far greater number from those from men." SER-61.

Plaintiff asserts a single cause of action entitled "Equal Protection of the Laws" pursuant to 42 U.S.C. § 1983. SER-96-101. She alleges that she has been "labeled" "vexatious without due process of law" and that, as a result, complaints she made have not been pursued. SER-97

4

¶110. She also alleges that "she does not believe that she is the only woman to have been labeled by the State Bar." SER 64 ¶35, 97 ¶112. She believes "had she not been labeled vexatious" every lawyer she has complained about "would have faced reprimand, suspension and or disbarment." SER-99 ¶123.

Plaintiff also requests declaratory relief that the defendants have injured her by not prosecuting lawyers she complains about. SER-100-101. She seeks a declaratory judgment that her rights have been violated, and unspecified damages. *Id.*

## B.    Proceedings Below

After filing, the district court referred this case to Magistrate Judge Kenly Kiya Kato. SER-108 Dkt. 4. Defendants filed a motion to dismiss. SER-108 Dkt. 10. After that motion was fully briefed, Magistrate Judge Kato elected to review the sufficiency of the complaint sua sponte, and determined that Plaintiff "cannot possibly win relief." SER-17-28.

First, the court found that, under this Circuit's well-established law, the Eleventh Amendment bars Plaintiff's claims against the State Bar and its employees in their official capacities. SER-23. The court

5

then found that Plaintiff failed to state a claim upon which relief can be granted against any of the individual defendants for violation of the Equal Protection Clause. SER-24. The Court explained that Plaintiff was required to plead facts, not conclusions. SER-21. It found that Plaintiff did not allege that any of the named defendants took any action against her because of her gender, and that Plaintiff's allegations of gender bias were both conclusory and inconsistent with her allegation that her complaints were closed because "she had allegedly been labeled vexatious." SER-24-25. The court noted that Plaintiff did not allege facts showing the complaints were closed because of the "alleged 'vexatious' label" but only a speculative conclusion that was the reason. SER-24 n.1. The court further found that Plaintiff's sparse allegations about the experiences of other women were conclusory and failed to show actionable gender discrimination. SER-25.

The court alternatively considered Plaintiff's unpleaded, but potentially implied, claim that allegedly informally labeling her as vexatious violated due process. SER-10 n.2. The court found that Plaintiff had not alleged any protected liberty or property interest because, under well settled law, "[t]he Constitution 'does not impose

6

any affirmative obligation on the government to listen [or] respond [to a citizen complaint]'." *Id.* (citing *State v. Ark. State Highway Empl., Local 1315*, 441 U.S. 463, 465 (1979)).

Finally, the court found that it was "unable to determine whether amendment would be futile" and granted Plaintiff 21 days to amend her claims. SER-26-27. As required by *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987), the order notified Plaintiff of the deficiencies in her complaint and advised her to correct them in any amended pleading. SER-22-28.

The court denied the defendants' pending motion to dismiss as moot in light of its sua sponte review and order. SER-109 Dkt. 15. Plaintiff's Opening Brief does not challenge this procedure or argue that the court should have adjudicated the defendants' motion to dismiss rather than dismissed the action on its own review. Regardless, this Court reviews the result reached below, not the reasoning or procedure used to reach it. *Wabol v. Villacrusis*, 958 F.2d 1450, 1462 n.22 (9th Cir. 1992); *Guam Econ. Dev. Auth. v. Ulloa*, 841 F.2d 990, 992 n.3 (9th Cir. 1988).

Plaintiff filed an election to rest on her existing pleadings rather than amend. SER-39-42. Magistrate Judge Kato then issued a report and recommendation suggesting that the case be dismissed without leave to amend for the same reasons as set forth in her prior order. SER-5-16. Plaintiff objected to that recommendation. SER-30-38. The district court reviewed the matter de novo and entered an order and judgment adopting the Magistrate Judge's recommendation. SER-4. This appeal followed. SER-103.

## VI.    SUMMARY OF ARGUMENT

Plaintiff is trying to sue the State Bar of California and six of its employees for "failing" to prosecute an unspecified number of complaints Plaintiff has made against various California attorneys. The district court properly dismissed Plaintiff's suit for at least three reasons.

First, as this Court has repeatedly held, the State Bar of California is an arm of California's government, and cannot be sued in federal court pursuant to the Eleventh Amendment. The same is true of Plaintiff's official capacity claims against the individually named defendants; an official capacity claim is considered a claim against the

governmental entity itself. Plaintiff argues that this Court's recent finding that the State Bar of Oregon is not a governmental entity requires a different result, but that argument is barred by Circuit precedent and ignores material differences between California's and Oregon's state bars.

Second, Plaintiff's equal protection claim fails because she does not allege any facts demonstrating intentional gender discrimination. Plaintiff's anecdotal allegations about a small number of women who allegedly made State Bar complaints that were not pursued does not establish any discrimination, much less that Plaintiff's complaints were not prosecuted in the way she wanted because she is a woman. Indeed, as the district court found, Plaintiff's discrimination claim is fundamentally at odds with her simultaneous (and equally speculative) assertion that her claims are not taken seriously because she is considered a vexatious complainer. Nor, more importantly, does Plaintiff allege facts showing that any of the individual defendants she sued discriminated against her based on her gender.

Third, Plaintiff does not have any constitutionally protected right to have the State Bar prosecute attorneys she complains about. It is

well settled that the government has no affirmative duty under the Constitution to respond to citizen complaints or to prosecute anyone. Simply put, the right to petition the government does not include any obligation for the government to grant—or even address—the petition.

For each of these reasons, Plaintiff's complaint was properly dismissed. Plaintiff was given leave to amend to fix these issues—by, for example, adding non-conclusory facts—but she chose not to do so. There is no basis whatsoever for Plaintiff's claim that the court discouraged her from amending and, having expressly declined to do so she cannot now claim a right to amend. This Court should affirm the judgment against Plaintiff in all respects.

## VII. STANDARD OF REVIEW

Dismissal of claims pursuant to the Eleventh Amendment is reviewed de novo. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).

A district court's decision to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed de novo. *Weston Family P'ship LLLP v. Twitter, Inc.*, 29 F.4th 611, 617 (9th Cir. 2022); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). Dismissal may

be affirmed "on any grounds supported by the record." *Weston Family P'ship LLLP*, 29 F.4th at 617; *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 839 (9th Cir. 2020).

A complaint is properly dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts accept factual allegations as true, this rule is "inapplicable to legal conclusions." *Id.* Courts are not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

The factual allegations must "rise above the speculative level" and do more than "create[] a suspicion of a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 561 (citation omitted). In making this determination, a court must "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. This analysis provides a critical gatekeeping function, because claims must be sufficiently plausible so "that it is not unfair to require the opposing party to be subjected to the

expense of discovery and continued litigation." *Eclectic Prop. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Where a litigant is granted leave to amend but chooses not to amend, she waives any further opportunity to do so. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *Adams v. Santa Barbara Cottage Hosp.*, 647 F. App'x 822, 824 (9th Cir. 2016).

## VIII. ARGUMENT

### A. The Eleventh Amendment Bars Plaintiff's Claims Against the State Bar of California and the Official Capacity Defendants

The Eleventh Amendment to the United States Constitution bars suits against a state from being brought in federal court absent a waiver of sovereign immunity. *See Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank*, 527 U.S. 627, 634 (1999). The Eleventh Amendment's bar extends to "an arm of the state, its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir 1995).

The district court correctly found that the Eleventh Amendment bars Plaintiff's claims against the State Bar and its official capacity employees. This Court has applied such immunity to the State Bar and

its employees since 1985. Plaintiff mistakenly relies on this Court's recent holding that the Oregon State Bar lacks immunity in *Crowe v. Oregon*, 989 F.3d 714 (9th Cir. 2021). But Plaintiff has not sued the Oregon State Bar. The State Bar of California operates in a fundamentally different manner than the Oregon State Bar, and its immunity is a matter of settled Circuit law.

### 1. Binding Circuit Precedent Requires This Court to Apply Eleventh Amendment Immunity to the State Bar

This Court applies a strict rule of horizontal stare decisis. "Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court. . . . [A] later three-judge panel considering a case that is controlled by the rule announced in an earlier panel's opinion has no choice but to apply the earlier-adopted rule; it may not any more disregard the earlier panel's opinion than it may disregard a ruling of the Supreme Court." *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).

Since *Lupert v. California State Bar*, 761 F.2d 1325 (9th Cir. 1985), this Court has consistently held that the State Bar of California

13

is an arm of the State of California protected by the Eleventh Amendment. *Id.* at 1327; *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 715 (9th Cir. 1995).[2] There has been no subsequent Supreme Court or en banc decision undermining that authority; thus, this Court is bound by *Lupert* and *Hirsh*. *See Miller v. Gammie*, 335 F.3d 889, 899-900 (9th Cir. 2003) (en banc).

### 2. This Court's Recent Decision That the Oregon State Bar Is Not an Arm of the State of Oregon Has No Bearing on the State Bar of California's Immunity

Ignoring this binding authority, Plaintiff argues that *Crowe* deprives the State Bar of immunity. But *Crowe* addresses the sovereign immunity of the Oregon State Bar, not the State Bar of California. *Crowe* did not discuss its prior cases concerning the State Bar of California, but it did distinguish similar Ninth Circuit precedent

---

[2]    See *Delacruz v. State Bar of Cal.*, No. 20-16433, 2022 U.S. App. LEXIS 6612, at *2 (9th Cir. Mar. 15, 2022); *Kinney v. State Bar of Cal.*, 708 F. App'x 409, 410 (9th Cir. 2017); *Haroonian v. Comm. of Bar Exam'rs*, 692 F. App'x 838, 838 (9th Cir. 2017); *Tanasescu v. State Bar of Cal.*, 569 F. App'x 502, 502 (9th Cir. 2014); *Joseph v. State Bar of Cal.*, 564 F. App'x 302, 303 (9th Cir. 2014); *Dydzak v. George*, No. 11-55143, 2011 U.S. App. LEXIS 26859, at *2 (9th Cir. July 7, 2011); *Khanna v. State Bar of Cal.*, 308 F. App'x 176, 177 (9th Cir. 2009).

14

regarding the Nevada State Bar's sovereign immunity.[3] *Crowe,* 989 F.3d at 732, n. 10.

Even if this Court were not bound by *Hirsh* and *Lupert*, the State Bar of California is markedly different than the Oregon State Bar, which functions more like a trade association. Where the Oregon State Bar appoints its own leaders, the State Bar of California's governing Board of Trustees is appointed by top officials of the three branches of state government. *See* Cal. Bus. & Prof. Code §§ 6013.1, 6013.3, 6013.5; *cf. Crowe,* 989 F.3d at 733. The State Bar of California cannot adopt rules on admissions and professional conduct without the approval of the California Supreme Court. Cal. Bus. & Prof. Code § 6076, Cal. R. Ct. 9.5; *cf. Crowe,* 989 F.3d at 733 (Oregon State Bar "amends most of its bylaws, and manages its internal affairs"). Oregon attorneys are "members" who "join" their state bar and pay annual "membership" fees, *see Crowe,* 989 F.3d at 720 (citing Or. Rev. Stat., §§ 9.160(1),

---

[3]     As with California, it is settled Circuit law that the Nevada State Bar is an arm of the state with sovereign immunity. *See O'Connor v State of Nevada,* 686 F.2d 749, 750 (9th Cir. 1982); *Ginter v. State Bar of Nevada,* 625 F.2d 829, 830 (9th Cir. 1980); *see also Strojnik v. State Bar of Ariz.,* 829 F. App'x 776, 776 (9th Cir. 2020) (claims against Arizona State Bar barred by the Eleventh Amendment).

9.200), whereas California attorneys are "licensees" who pay "licensing" fees. Cal. Bus. & Prof. Code §§ 6002(a), 6140. These distinctions, among others, demonstrate that the State Bar is properly considered an arm of the state. In short, the Oregon State Bar is a fundamentally different entity than the State Bar of California, and even if there were no horizontal stare decisis rule in this Circuit, *Crowe* would provide no basis to reconsider *Lupert, Hirsh*, and the legion of unpublished decisions that have followed those cases since 1985.

The applicable law is thus clear and well settled. The State Bar of California is an arm of the State of California, and the Eleventh Amendment prohibits suit against it in federal court. *Hirsh*, 67 F.3d at 715.

The same is true for the official capacity claims against the named defendants. An official capacity claim is really a claim against the agency itself. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. [citation] As such, it is no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, neither the State Bar nor its "official capacity" employees

are "persons" subject to suit under 42 U.S.C. § 1983. *Id.* The district court's order dismissing these defendants should be affirmed.

### B. Plaintiff Fails to State an Equal Protection Claim Against the Individually Named Defendants

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (cleaned up). "Just saying so is not enough. A recitation of facts without plausible connection to gender is not cured by labels and conclusory statements about sex discrimination." *Austin v. Univ. of Or.*, 925 F.3d 1133, 1138 (9th Cir. 2019).

Plaintiff's complaint does not come close to alleging facts that would demonstrate a plausible claim of intentional gender discrimination. She cursorily asserts that the State Bar closes complaints by women "at a far greater number than those from men." SER-61 ¶27. She alleges that "based on interviews with other women" "she does not believe that she is the only woman to have been labeled vexatious." SER-64 ¶35, 97 ¶112. But she offers no factual allegations

17

to support these inflammatory conclusions. At most, she anecdotally alleges that three named and seven unnamed women filed complaints in 2020 and 2021 that were not pursued. *Id.* No facts are alleged to show that those complaints were in any way analogous to complaints by men that were pursued, much less that discretionary charging decisions were made based on deliberate discrimination against women.

Plaintiff does not even attempt to put her allegations in a meaningful factual context. No facts are alleged about how many complaints the State Bar receives each year, how many it prosecutes, or the genders of the complaining witnesses in each category of case. Plaintiff's bare assertion that she knows a handful of women who filed complaints with the State Bar that did not result in discipline of the lawyers they complained about does not plausibly allege gender discrimination either generally or against Plaintiff specifically.

Plaintiff's Informal Opening Brief does nothing to demonstrate that she has pled a plausible equal protection violation. She does not even list the validity of her equal protection claim as one of her issues on appeal. AOB 18-25. Instead, she makes statements in passing like "[i]t certainly isn't dignified conduct by a state agency … to target

18

women who complain," AOB 23-24, and asserts that all of the women she spoke to "had their complaints closed at intake." AOB 7.

Paradoxically, Plaintiff offers numerous other supposed "explanations" of why her claims were denied: that State Bar employees consider her vexatious, SER-62-64, that the State Bar has a "history of failing the public," SER-59-61, that the State Bar "does not appear to have courage to go after the big law firms…," SER-61, and that the State Bar has a "narcissistic mentality." SER-64. None of these "explanations" are supported by factual allegations, but, as the district court found, they all undercut Plaintiff's conclusory assertion that her complaints were denied because of gender discrimination. SER-13-14.

Plaintiff cannot allege an equal protection violation by "just saying so." *See Austin*, 925 F.3d at 1138. The district court's dismissal of this claim should be affirmed.

## C. Plaintiff Fails to State a Due Process Claim Against the Individually Named Defendants

The district court alternatively analyzed Plaintiff's equal protection claim as an attempt to state a procedural due process claim. SER-10 n.2. Plaintiff does not argue in her Informal Opening Brief that she stated a due process claim, although she does cite *Armstrong v.*

19

*Manzo*, 380 U.S. 545 (1965), which is a procedural due process case. In an abundance of caution given Plaintiff's pro se status, we shall explain why Plaintiff failed to state a due process claim.

"To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). The first element is critical: "[t]he requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). In *Armstrong*, for example, the plaintiff was stripped of his parental rights without notice or an opportunity to object. 380 U.S. at 550. Parental rights are "an essential liberty interest" protected by the Fourteenth Amendment. *Wallis ex rel. Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 1999).

Here, Plaintiff claims that she was internally labeled as "vexatious" by State Bar prosecutors, and thus her complaints against attorneys were not pursued. AOB 23 ("her complaints were ignored

20

because she was labeled behind closed doors by catty staff as 'vexatious' despite the overwhelming evidence that supported the valid complaints."). Even ignoring the wholly speculative and conclusory nature of her allegations, Plaintiff has not stated a due process claim because she has no protected liberty or property interest in having the State Bar prosecute lawyers about whom she complains.

There is no constitutionally protected right to have the State prosecute someone else. "[A] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution. . . . [A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) (cleaned up). "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768 (2005). Indeed, as a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ." *Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989).

Nor does Plaintiff's right to petition guarantee that the government will take action on her complaints. "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . . . But this right is uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens." *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) (cleaned up); *see Smith*, 441 U.S. at 465. "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government entity . . . ignores (or threatens to ignore) communications . . . ." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).

Plaintiff thus did not, and cannot, state a due process claim because she has no constitutionally protected interest in the State Bar acting on her complaints about attorneys. It is thus wholly irrelevant, constitutionally speaking, whether the State Bar's decisions on such complaints were based on individual discretionary assessments of Plaintiff's claims or, as she alleges, on some employees' sense that she is not credible. Plaintiff's allegation that she was secretly and informally

"labeled behind closed doors by catty staff as 'vexatious'" (AOB 23) does not state a due process claim.

### D. Plaintiff Chose Not to Amend; She Was Not Discouraged From Doing So

Plaintiff's third "issue presented" asks "Did Magistrate Kato err in persuading Plaintiff not to amend?" AOB 25. Nothing in Magistrate Judge Kato's order advised Plaintiff not to amend. To the contrary, the order states that "the Court is unable to determine whether amendment would be futile.... Plaintiff is advised that the Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim." SER-26-27.

Plaintiff appears to be complaining about the fact that the order details why the court found the present pleadings deficient. The court was *required* to provide that guidance. "[B]efore dismissing a pro se complaint the district court must provide the litigant with notice of the deficiencies in his complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Noll*, 809 F.2d at 1448-49. The court did *not* tell Plaintiff that any amended complaint would be dismissed with

23

prejudice. It just warned her that repeating a claim "without addressing the claim's deficiencies" would result in such a recommendation. SER-27. It also provided an explanation of Plaintiff's options to amend, stand on her allegations, or dismiss her claims. SER-27-28. It is entirely appropriate for the court to provide pro se litigants with such procedural guidance, although the court cannot go beyond such to become the litigant's advocate. *See Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007).

Plaintiff was clearly given an opportunity to amend her complaint. SER-26-28. She expressly chose not to do so. SER-39-42. She has thus "waived the opportunity to cure any defects in her complaint." *Adams*, 647 F. App'x at 824; *Edwards*, 356 F.3d at 1066.

## IX.   CONCLUSION

The district court's judgment for defendants was entirely correct.

It should be affirmed by this Court.

DATED: November 18, 2022          Respectfully submitted,

Ellin Davtyan
Robert G. Retana
Kirsten R. Galler

By      */s/ Kirsten R. Galler*
       Kirsten R. Galler

*Attorneys for Appellees*
The State Bar of California, Steve
Mazer, William Todd, Jason Kwan,
Tiffany F. Sorensen, Susan Kim, and
Drew Aresca

## CERTIFICATE OF COMPLIANCE

I am the attorney or self-represented party.

**This brief contains 4,706 words,** excluding the items exempted

by Fed. R. App. P. 32(f). The brief's type size and typeface comply with

Fed. R. App. P. 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of Fed. R. App. P. 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties;
    [ ] a party or parties are filing a single brief in response to multiple briefs; or
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature**\_\_*/s/ Kirsten Galler*_____ **Date**\_\_November 18, 2022_____

26

# CIRCUIT RULE 28-2.7 ADDENDUM

U.S. Const., amend. XI ................................................................ 28

Cal. Const., art. VI, § 9 ............................................................. 28

28 U.S.C. § 1291 ....................................................................... 28

28 U.S.C. § 1331 ....................................................................... 29

28 U.S.C. § 1343 ....................................................................... 29

42 U.S.C. § 1983 ....................................................................... 30

Cal. Bus. & Prof. Code § 6002 ................................................. 31

Cal. Bus. & Prof. Code § 6013.1 .............................................. 31

Cal. Bus. & Prof. Code § 6013.3 .............................................. 32

Cal. Bus. & Prof. Code § 6013.5 .............................................. 33

Cal. Bus. & Prof. Code § 6076 ................................................. 33

Cal. Bus. & Prof. Code § 6140 ................................................. 34

Or. Rev. Stat. § 9.160(1) .......................................................... 34

Or. Rev. Stat. § 9.200 ............................................................... 35

Cal. R. Ct. 9.5 .......................................................................... 36

## United States Constitution, Eleventh Amendment

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

## California Constitution, Article VI, section 9

The State Bar of California is a public corporation. Every person admitted and licensed to practice law in this State is and shall be a member of the State Bar except while holding office as a judge of a court of record.

## 28 U.S.C. § 1291

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title [28 USCS §§ 1292(c) and (d) and 1295].

## 28 U.S.C. § 1331

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

## 28 U.S.C. § 1343(a)

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of

citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

### 42 U.S.C. § 1983

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

## Cal. Business & Professions Code § 6002

(a) The licensees of the State Bar are all persons admitted and licensed to practice law in this state except justices and judges of courts of record during their continuance in office.

(b) As used in this chapter or any other provision of law, "member of the State Bar" shall be deemed to refer to a licensee of the State Bar.

## Cal. Business & Professions Code § 6013.1

(a) The Supreme Court shall appoint five attorney members of the board pursuant to a process that the Supreme Court may prescribe. These attorney members shall serve for a term of four years and may be reappointed by the Supreme Court for one additional term only.

(b) An attorney member elected pursuant to Section 6013.2 may be appointed by the Supreme Court pursuant to this section to a term as an appointed attorney member.

(c) The Supreme Court shall fill any vacancy in the term of, and make any reappointment of, any appointed attorney member.

(d) When making appointments to the board, the Supreme Court should consider appointing attorneys that represent the following categories: legal services; small firm or solo practitioners; historically underrepresented groups, including consideration of race, ethnicity,

31

gender, and sexual orientation; and legal academics. In making appointments to the board, the Supreme Court should also consider geographic distribution, years of practice, particularly attorneys who are within the first five years of practice or 36 years of age and under, and participation in voluntary local or state bar activities.

(e) The State Bar shall be responsible for carrying out the administrative responsibilities related to the appointment process described in subdivision (a).

## Cal. Business & Professions Code § 6013.3

(a) One attorney member of the board shall be appointed by the Senate Committee on Rules and one attorney member of the board shall be appointed by the Speaker of the Assembly.

(b) An attorney member appointed pursuant to this section shall serve for a term of four years. Vacancies shall be filled for the remainder of the term. An appointed attorney member may be reappointed pursuant to this section.

## Cal. Business & Professions Code § 6013.5

(a) Effective January 1, 2018, a maximum of six members of the board shall be members of the public who have never been licensees of the State Bar or admitted to practice before any court in the United States.

(b) Each of these members shall serve for a term of four years. Vacancies shall be filled for the remainder of the term.

(c) Effective January 1, 2018, one public member shall be appointed by the Senate Committee on Rules and one public member shall be appointed by the Speaker of the Assembly.

(d) Four public members shall be appointed by the Governor, subject to the confirmation of the Senate.

(e) Each respective appointing authority shall fill any vacancy in and make any reappointment to each respective office.

## Cal. Business & Professions Code § 6076

With the approval of the Supreme Court, the Board of Trustees may formulate and enforce rules of professional conduct for all licensees of the State Bar.

## Cal. Business & Professions Code § 6140

(a) The board shall fix the annual license fee for active licensees for 2022 at a sum not exceeding three hundred ninety-five dollars ($395).

(b) The annual license fee for active licensees is payable on or before the first day of February of each year. If the board finds it appropriate and feasible, it may provide by rule for payment of fees on an installment basis with interest, by credit card, or other means, and may charge licensees choosing any alternative method of payment an additional fee to defray costs incurred by that election.

(c) This section shall remain in effect only until January 1, 2023, and as of that date is repealed.

## Oregon Revised Statutes, § 9.160

(1) Except as provided in this section, a person may not practice law in this state, or represent that the person is qualified to practice law in this state, unless the person is an active member of the Oregon State Bar.

34

## **Oregon Revised Statutes, § 9.200**

(1) Any member in default in payment of membership fees established under ORS 9.191 (1) or any member in default in payment of assessed contributions to a professional liability fund established under ORS 9.080 (2) shall be given written notice of delinquency and a reasonable time to cure the default. The chief executive officer of the Oregon State Bar shall send the notice of delinquency to the member at the member's electronic mail address on file with the bar on the date of the notice. The chief executive officer shall send the notice by mail to any member who is not required to have an electronic mail address on file with the bar under the rules of procedure. If a member fails to pay the fees or contributions within the time allowed to cure the default as stated in the notice, the member is automatically suspended. The chief executive officer shall provide the names of all members suspended under this section to the State Court Administrator and to each of the judges of the Court of Appeals, circuit and tax courts of the state.

(2) An active member delinquent in the payment of fees or contributions is not entitled to vote.

(3) A member delinquent in the payment of fees or contributions may be assessed a late payment penalty determined by the board of governors.

(4) A member suspended for delinquency under this section may be reinstated only on compliance with the rules of the Supreme Court and the rules of procedure and payment of all required fees or contributions.

## California Rules of Court, rule 9.5

All State Bar rules adopted by the State Bar Committee of Bar Examiners pertaining to the admission to practice law must be approved by the Board of Trustees and then submitted to the Supreme Court for its review and approval.